**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

**SAMANTHA SCHANO,**

        Plaintiff,

        -vs-                                         Case No. 13-C-1089

**MESSERLI & KRAMER P.A.,**

        Defendant.

## DECISION AND ORDER

Samantha Schano moves to compel the defendant, Messerli & Kramer, to amend its initial disclosures under Rule 26(a), which requires, in pertinent part, that a party "must, without awaiting a discovery request," provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment . . ." Fed. R. Civ. P. 26(a)(1)(A)(i). This rule seeks to "accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." Advisory Committee's Note, 1993 Amendment. "Litigants should not indulge in gamesmanship with respect to the disclosure obligations." *Id.*; *see also Thurby v. Encore Receivable Mgmt., Inc.*, 251 F.R.D. 620, 621 (D. Colo. 2008).

The defendant's disclosure provides that "[n]o particular individual employee of Defendant has direct knowledge related to the Account outside of their employment. It is the firm itself that has the knowledge. If Plaintiff has particular topics upon which

she seeks to conduct a deposition, she can notice the deposition along with the topics to be covered and Defendant can produce an appropriate person for deposition." This is gamesmanship, pure and simple. The "purpose of requiring the parties to disclose the identities of their prospective witnesses early in the litigation is to assist the other parties in deciding whom they wish to depose without the necessity of first serving multiple boilerplate interrogatories seeking this info." MOORE'S FED. PRACTICE 3d § 26.22[4][a]. Thus, the parties "must provide the specific names of the individuals they might use as witnesses. *It is not sufficient to identify them through the use of a collective description, such as 'employees or representatives of the defendant*." *Id.* (emphasis added). Defendant argues that its disclosure of one individual (Brian C. Chou) who "can testify as to timelines and occurrences as well as substantive and procedural specifics of the subject matter in question" is enough to satisfy the rule. It isn't. Clearly, there is more than one individual with knowledge of discoverable information, and the defendant must amend its disclosures as such.

Plaintiff's motion to compel [ECF No. 18] is **GRANTED**. Defendant must tender amended Rule 26(a)(1) disclosures within **seven (7)** days specifically naming individuals with discoverable information and specifically delineating the subjects of that information. Also within **seven (7) days**, defendant is ordered to show cause as to why it should not be required to pay the expenses incurred by the plaintiff in making this motion. Fed. R. Civ. P. 37(a)(5)(A).

Dated at Milwaukee, Wisconsin, this 8th day of July, 2014.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**